UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ELMER WASHINGTON ET AL**          **CASE NO.  6:21-CV-02336**

**VERSUS**                          **JUDGE ROBERT R. SUMMERHAYS**

**U S POST OFFICE**                 **MAGISTRATE JUDGE PATRICK J. HANNA**

### REPORT AND RECOMMENDATION

Before the Court is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Rec. Doc. 9).  The motion is unopposed. The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636.  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that the motion to dismiss filed by defendants be GRANTED and, accordingly, all purported claims by Plaintiff be DISMISSED without prejudice.

### Factual Background

Plaintiff, acting *pro se*, filed the instant suit on August 5, 2021 alleging an error by the U.S. Postal Service resulting in an unauthorized address change, noted by a sticker affixed to mail deposited in Plaintiff's mailbox.  (Rec. Doc. 1 at p. 4). Plaintiff named as defendants the U. S. Postal Service and Ms. Cocke, a Postal Service Customer Service Supervisor.  (*Id.* at p. 2).  Plaintiff alleges that both he and

Ms. Cocke are residents of Opelousas, Louisiana, though he does not provide a specific address for this defendant. (*Id.* at p. 2).

In response to Plaintiff's complaint, the government filed the instant Rule 12(b) motion seeking dismissal of Plaintiff's claim on the basis that it fails to state a claim as to which relief may be granted by this Court. The government's motion was filed on or about October 12, 2021 and notice of motion setting and applicable briefing delays was issued on or about October 13, 2021. (Rec. Doc. 10). As of the date of issuance of this Report and Recommendation, Plaintiff presents no opposition to the government's motion.

## Law and Analysis

"Federal courts are courts of limited jurisdiction. Absent jurisdiction conferred by statute, district courts lack power to consider claims." *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). See, also, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Federal courts have subject-matter jurisdiction only over civil actions presenting a federal question (pursuant to 28 U.S.C. § 1331) and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states (pursuant to 28 U.S.C. § 1332). A suit is presumed to lie beyond the scope of federal-court jurisdiction until the party

invoking federal-court jurisdiction establishes otherwise. *Kokkonen*, 511 U.S. at 377; *Howery v. Allstate*, 243 F.3d at 916.

In *Ramming v. U.S.*, 281 F.3d 158 (5th Cir. 2001), the Fifth Circuit succinctly described the appropriate procedure for considering multiple Rule 12(b) motions, such as are presented here.

> Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996).
>
> The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States,* 899 F.Supp. 305, 307 (E.D.Tex.1995). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980).
>
> When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir.1977) (*per curiam*). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id.* The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Id.*

> In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.1981). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n. of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir.1998).

*Ramming*, 281 F.3d at 161.

This Court agrees with the arguments presented by the government in this matter. The Postal Reorganization Act ("PRA") was enacted in 1970 and had, as its purpose, the creation of the United States Postal Service ("USPS") as a new branch of government in place of the prior Post Office Department. 39 C.F.R. § 1.1. In 2006, the Postal Accountability and Enhancement Act ("PAEA") substituted the existing Postal Rate Commission with the Postal Regulatory Commission ("PRC"). 39 U.S.C. § 3600, *et seq.* Complaints regarding services rendered by the USPS must first be presented to the PRC for consideration. 39 U.S.C. §§ 409, 3662. Once lodged, the PRC has ninety (90) days in which to review the matter, after which time a complainant may petition the United States District Court for the District of Columbia for review of the claim. If the PRC evaluates a claim and issues a final order or decision, a complainant may similarly petition for review in the D.C. Circuit. 39 U.S.C. § 3662(b). *New York v. Trump*, 490 F.Supp. 225 (D.D.C. 2020).

Plaintiff does not dispute the government's assertion he failed to present any claim based on the facts alleged in his Complaint before this Court to the PRC prior to filing the instant suit. Moreover, even if Plaintiff had lodged a complaint with the PRC, the statutory provisions governing this matter make it clear that judicial review of such a claim is only available in the D.C. Circuit. 39 U.S.C. §3662(b). Thus, this Court lacks subject matter jurisdiction over Plaintiff's claim against the USPS and must grant dismissal on that basis. Fed. R. Civ. P. 12(b)(1).

Similarly, if the Court were to construe Plaintiff's Complaint as one for relief under the Federal Tort Claims Act ("FTCA"),[1] any such claim is barred by the doctrine of sovereign immunity and for failure to exhaust administrative remedies. The doctrine of sovereign immunity bars suits against the United States unless specifically authorized by Congress. A party urging a specific waiver of sovereign immunity bears the burden of showing such "unequivocal" waiver has been expressed by Congress. *Kokkonen*, 511 U.S. at 377. The FTCA waives sovereign immunity and permits suits against the United States for state law tort claims for money damages. 28 U.S.C. § 2674; *Spotts v. U.S.*, 613 F.3d 559, 566 (5th Cir. 2010). Waiver of sovereign immunity under the FTCA is subject to a variety of exceptions, including the postal exception, under which claims arising from allegations of

---

[1] 28 U.S.C. §§ 1346, 2671, *et seq.*

negligent transmission of mail fall. 28 U.S.C. § 2680; *Dolan v. U.S. Postal Service*, 546 U.S. 481, 484-85 (2006) (distinguishing suits against postal employees for torts under state law from "claims arising out of the loss, miscarriage, or negligent transmission of letters or postal matter" comprising the statutory postal exception to the FTCA's limited waiver).

Plaintiff fails to allege facts that make out a claim falling outside the scope of the postal exception and, for that reason, this Court lacks subject matter jurisdiction over the claim presented in Plaintiff's Complaint. *Id.*, at 486 citing *Raila v. United States*, 355 F.3d 118, 121 (2004) (in which the Supreme Court held that the postal exception covers "'damages and delay of the postal material itself and consequential damages therefrom'"). Given this finding, the Court finds dismissal appropriate on this basis, in addition to the aforementioned basis under the PRA.

Since the Court concludes that it lacks subject matter jurisdiction, we do not reach the merits of Plaintiff's claim under Fed. R. Civ. P. 12(b)(6). *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (*per curiam*).

## Conclusion

For the reasons discussed herein, the Court recommends that defendants' motion be GRANTED and, accordingly, all purported claims by Plaintiff be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 5th day of January, 2022.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE